IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| USANI ONUN EWAH, #52401-177, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-855-O-BK [CRIMINAL CASE NO. 3:15-CR-559-O(02)] |
| UNITED STATES OF AMERICA, RESPONDENT. | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Usani Onun Ewah's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Doc. 1. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

### I. BACKGROUND

In 2018, Ewah pled guilty to conspiring to commit healthcare fraud and was sentenced to 70 months' imprisonment. *United States v. Ewah*, No. 3:15-CR-559-O(02), Crim. Doc. 440 (N.D. Tex. Oct. 29, 2018). He was also ordered to pay $8,682,321.66 in restitution jointly and severally with his codefendants. On April 9, 2020, Ewah filed a habeas corpus petition seeking "immediate release" to home confinement due to the COVID-19 global pandemic health crisis. Doc. 1 at 7.[1]

---

[1] This habeas corpus action was initially filed in the Fort Worth Division and later transferred to the Dallas Division because Ewah is confined at FCI Seagoville. Doc. 4. On April 6, 2020,

In support of his petition, Ewah relies exclusively on the U.S. Attorney General's March 26, 2020 memorandum directing the Director of the Bureau of Prisons (BOP) to prioritize the use of home confinement as appropriate in response to the COVID-19 pandemic to protect "some at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." Doc. 1 at 2, 7; Doc. 1 at 11-12 (enclosing copy of March 26 Memorandum). Ewah asserts that he (1) is a non-violent offender confined in a minimum security facility, (2) "poses little to no risk of recidivism," and (3) is at "a higher risk of adverse outcomes if exposed to COVID-19" because he is 61 years old and suffers from benign prostate hyperplasia (BPH) and "intense seasonal allergies." Doc. 1 at 6-7, 9-10. Ewah states that as a result of his BPH, he urinates more frequently, which increases his overall use of urinals and toilets and, consequently, his exposure to the COVID-19 virus. Doc. 1 at 9-10.

Upon review, the Court finds that Ewah's petition for writ of habeas corpus provides no authority to justify his immediate release to home confinement.

**II. ANALYSIS**

As an initial matter, Ewah fails to identify any statutory authority for his release to home confinement. *Brewer v. United States*, 765 F. App'x 50, 50-51 (5th Cir. 2019) (per curiam) (noting a habeas petitioner "must have statutory authority to bring his petition in federal court"). "Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Williams v. Lara*, 669 F. App'x 248, 248 (5th Cir. 2016) (per curiam) (quoting *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir.

---

Ewah's daughter submitted a letter request in his criminal case, which Ewah incorporates with his federal petition. Crim. Doc. 603.

1994)). Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (finding a prisoner's challenge "to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and therefore "may be raised under § 2241").

Even under liberal construction, Ewah's petition does not challenge the execution of his sentence or assert any constitutional violations resulting from the any denial of his request for home confinement by the BOP. Indeed, it is unclear that Ewah even submitted such a request to the BOP. Consequently, the Court lacks jurisdiction to entertain Ewah's request for home confinement. *See Brewer*, 765 Fed. Appx. at 51 (finding § 2241 petition was in essence "'a meaningless, unauthorized motion'" that the district court lacked jurisdiction to entertain (quoting *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994))).

Even assuming Ewah is attacking the execution of his sentence, only the BOP has the discretion to place prisoners on home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed,* 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the Bureau of Prisons") (citing 18 U.S.C. § 3624(c), which provides that the Bureau of Prisons has authority to "place a prisoner in home confinement")). Likewise, only the BOP has discretion to release eligible elderly offenders from BOP facilities to home confinement under 34 U.S.C. § 60541(g), the Elderly and Family Reunification Program amended by the First Step Act. *See United States v. Cantu*, 423 F. Supp. 3d 345, 347-48 (S.D. Tex. 2019) (describing

the Elderly and Family Reunification Program, finding that the court lacked the authority to release a defendant under that section, and finding that "the BOP has 'sole discretion' to determine if an offender has a history of violence" under § 60541(g)(5)(A)(iv)).

Further, the Attorney General's March 26, 2020 Memorandum does not provide the courts statutory authority to modify a defendant's place of incarceration. Doc. 1 at 11-12. Rather the Memorandum simply broadens the authority of the Director of the BOP to release at-risk, non-violent inmates to home confinement. Specifically, the Attorney General instructs the BOP Director, "prioritize the use of *your various statutory authorities* to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." Doc. 1 at 11 (emphasis added).

Ewah's motion likewise lacks merit under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020, and the subsequent Memorandum of the Attorney General to the BOP Director dated April 3, 2020. As a judge of this Court recently concluded, "the CARES Act and the memorandums issued by the Attorney General both instruct and expand the authority of the Director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (Lindsay, J.) (denying post-conviction motion for recommendation that defendant be transferred from BOP custody to home confinement to serve sentence due COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the

inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities"). Thus, Ewah's is also not entitled to habeas relief.[2]

### III.   CONCLUSION

For the foregoing reasons, Ewah's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on April 20, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of Section 2241 petition); *see also* Rule 4 of the Rules Governing Section 2254 Cases. Rule 1(b) of the Rules Governing Section 2254 Cases provides that the Section 2254 rules are also applicable to habeas petitions not covered under Section 2254.